IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ISRAFIL DAVID DEMIR                          :
                                             :
                                             :
                                             :
               Petitioner,                   :    3:26-cv-783
                                             :    (JUDGE MARIANI)
      v.                                     :
                                             :
CRAIG LOWE, in his Official Capacity         :
as Warden of the Pike County                 :
Correctional Facility *et al.*,              :
                                             :
               Respondents.                  :

## MEMORANDUM OPINION

### I.      BACKGROUND

On March 26, 2026, Petitioner Israfil David Demir ("Petitioner"), a citizen of Türkiye and a permanent legal resident of the United States since June 2016, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

On or about August 9, 2023, Petitioner was charged with Trafficking in Counterfeit Goods, in violation of 18 U.S.C. § 2320. *United States of America v. Demir*, Crim No. 23-635, (D.N.J.), ECF No. 32. As alleged in the Information, from at least September 2017 through May 2021, Petitioner "conducted a scheme to import counterfeit Cisco networking devices from various illicit overseas suppliers, most of which were in China and Hong Kong, and sell them to customers in the U.S. and elsewhere as genuine Cisco products." (*Id.*, ¶ 2). On or about October 23, 2024, Petitioner pled guilty to one count of Trafficking in

Counterfeit Goods and was sentenced to a term of imprisonment of 364 days and 3 years of supervised release. ECF No. 50. Petitioner was also ordered to pay $900,000 in restitution. ECF No. 58.

Petitioner was served with a Notice to Appear on April 9, 2025, charging him as removable under Section 237(a)(2)(A)(i) of the Immigration and Nationality Act for his conviction of "a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed." (Doc. 5-2).

On or about August 15, 2025, Petitioner was released from BOP custody after completing his criminal sentence. (Doc. 1 at 1). That same day, Immigration and Customs Enforcement ("ICE") transferred Petitioner to the Pike County Correctional Facility within the Middle District of Pennsylvania where he remains detained.[1] (Id.).

On October 5, 2025, an Immigration Judge ("IJ") denied Petitioner bond. (Id. at 7). On November 25, 2025, an IJ denied Petitioner's motion to terminate removal proceeding and found Petitioner removable for committing an aggravated felony and a crime of moral turpitude within five years of admission to the United States. (Doc. 5-6). On February 9, 2026, an IJ issued a order denying Petitioner's request for cancellation of removal for lawful permanent residents and ordered Petitioner removed to Türkiye. (Doc. 5-8). Petitioner has

---

[1]     The Petition names as Respondents Craig Lowe, Warden of the Pike County Correctional Facility; Todd Lyons, Acting Director, ICE; Markwayne Mullin, Secretary of the United States Department of Homeland Security; Pamela Bondi, United States Attorney General; Field Office Director, ICE ERO Philadelphia Field Office; and the Department of Homeland Security. (Doc. 1 at 3)

appealed that decision to the Board of Immigration Appeals ("BIA").  (Doc. 1-5).

Respondents are currently detaining Petitioner pursuant to 8 U.S.C. § 1226(c).

In Count I, Petitioner challenges his prolonged immigration detention and contends

his detention violates the Fifth Amendment's Due Process Clause.  (Doc. 1 at 2).

In Count II, Petitioner alleges that DHS and the IJ "erroneously classified his criminal

conviction under 18 U.S.C. § 2320 as an aggravated felony under INA § 101(a)(43)(M)(i)

(fraud or deceit), when binding Third Circuit precedent establishes it falls under subsection

(R) (counterfeiting), resulting in a removal charge that cannot support his detention under

mandatory detention provisions." (*Id.*) (citing *Park v. Att'y Gen.*, 472 F.3d 66, 73 (3d Cir.

2006)).  Petitioner further notes that he was placed in removal proceedings charging

"removability under INA § 237(a)(2)(A)(i) as an alien convicted of a crime involving moral

turpitude" and that DHS filed additional charges "alleging removability" as "an alien

convicted of an aggravated felony."[2]  (*Id.* at 7).

---

[2]     8 U.S.C. § 1101(a)(43) defines an "aggravated felony," subjecting the noncitizen to removal.  Under 8 U.S.C. § 1101(a)(43)(M)(i) an "aggravated felony" includes "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." *Id.*  In contrast, 8 U.S.C. § 1101(a)(43)(R) defines an "aggravated felony" as "an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year." *Id.*

8 U.S.C. § 1227 is entitled "Deportable aliens."  It provides, in relevant part:
Any alien who--

**(I)** is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 1255(j) of this title) after the date of admission, and

**(II)** is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable.

In Count III, Petitioner also alleges that his October 2025 bond hearing before an IJ was inadequate and violated due process. (*Id.* at 13-14). In Count IV, Petitioner claims that his alleged erroneous classification was "arbitrary and capricious agency action." (*Id.* at 14).

Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) "because he admittedly was convicted of Trafficking in Counterfeit Goods in violation of 18 U.S.C. §§ 2320(a)(1) and (b)(1)(A)." (Doc. 5 at 1). Respondents further claim that his mandatory detention is constitutionally permissible, and that Petitioner "has had a bond hearing that provided him with due process, and he had the ability to appeal that decision." (*Id.*). As for Petitioner's challenge to his alleged erroneous classification in Count II, Respondents do not address whether Petitioner's criminal conviction under 18 U.S.C. § 2320 constitutes an aggravated felony under INA § 101(a)(43)(M)(i). Rather, Respondents note that Petitioner "does not object that his conviction is a crime of moral turpitude."[3] (*Id.* at 6) (citing *United States ex rel. Volpe v. Smith*, 289 U.S. 422, 423 (1933) (holding counterfeiting is a crime of moral turpitude)).

## II.    STANDARD OF REVIEW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004 (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court

---

8 U.S.C. § 1227(a)(2)(A)(i)(I)-(II).

[3]    Petitioner and Respondents only superficially address the claims raised in Counts III and IV of the Petition. (Docs. 1, 5-6).

may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III.    ANALYSIS

In Count I, Petitioner alleges his prolonged immigration detention pursuant to 8 U.S.C. § 1226(c) violates his due process rights under the Fifth Amendment to the United States Constitution. (Doc. 1 at 11-12). "8 U.S.C. § 1226(c) requires the Government to detain immigrants with certain criminal convictions pending removal without bond hearings." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, __ F.4th __, 2026 WL 263483, at * 11 (3d Cir. Feb. 2, 2026). In *Jennings*, the Supreme Court held that "§ 1226(c) does not on its face limit the length of the detention it authorizes." *Jennings v. Rodriguez*, 583 U.S. 218, 303, 138 S.Ct. 830 (2018). But as applied constitutional challenges to prolonged immigration detention, like those advanced here, are recognized by the United States Court of Appeals

for the Third Circuit.  *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d

Cir. 2020).

To determine whether prolonged detention is unreasonable, a "highly-specific-fact

inquiry," this Court must address "a nonexhaustive list of four factors to consider in

assessing whether an alien's detention has grown unreasonable." *German Santos*, 965

F.3d at 210-11.  "The most important factor is the duration of detention." *Id.* at 211.  The

Court must also consider: (1) whether the detention is likely to continue; (2) reasons for the

delay, such as a detainee's request for continuances; and (3) "whether the alien's conditions

of confinement are meaningfully different from criminal punishment."[4]  *Id.*  If a noncitizen's

"civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention

unreasonable." *Id.* (citations omitted).  "And as the length of detention grows, so does the

weight that we give this factor." *Id.*

## Duration of Detention

Petitioner has been detained by Respondents at the Pike County Correctional

Facility since August 15, 2025 (Doc. 1 at 2), approximately 7 months and 24 days.

"There is no presumption of reasonableness or unreasonableness of any duration."

*German Santos*, 965 F.3d at 211.  The Third Circuit has declined to impose a *per se* rule

that any detention longer than a specific duration is unreasonable.  However, the Third

---

[4]    The Court cannot hold a noncitizen's "good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings." *German Santos*, 965 F.3d at 211. To do so would effectively punish the petitioner for pursuing his legal rights and remedies.  "Nor do we hold the agency's legal errors against the Government, unless there is evidence of carelessness or bad faith." *Id.*

Circuit finds that, "detention becomes more and more suspect after five months." *Id.* at 211. In *German Santos*, the Third Circuit found that "detention became unreasonable sometime between six months and one year" after it began. *Id.*

In a similar § 1226(c) case, the Court recognized "9.5 months is less than the periods typically found unreasonable in this district" and that *Yirenkyi*'s duration of detention "weighs against relief at this time", *Yirenkyi v. Hoover*, 2026 WL 268230, at *4 (M.D. Pa. Feb. 2, 2026) (collecting cases). Here, Petitioner has been detained for slightly over 7.5 months, and the Court finds that the duration of his civil immigration detention weighs against relief at this time.

### Likelihood of Detention

Petitioner has established he is likely to stay detained for some time. Petitioner was denied bond in October 2025 and his appeal of the IJ's removal order is currently pending before the BIA. *See German Santos*, 965 F.3d at 212 ("This means he will stay in prison as long as it takes the Board to issue its decision."). Further, if the BIA denies his appeal and affirms the order of removal, Petitioner may appeal that decision to the Circuit Court of Appeals, as he is entitled to. 8 U.S.C. § 1252(a). No final order of removal exists. Under these circumstances, the Court finds the second *German Santos* factor favors granting habeas relief. *See Joseph v. Warden*, 2026 WL 497532, at *2 (M.D. Pa. Feb. 23, 2026) ("The second factor, the likelihood that detention will continue, favors granting habeas relief.

7

Joseph is appealing his removal order to the BIA, and expresses his intent to appeal to the Third Circuit if necessary.").

**Reasons for the Delay**

The Court finds no party is responsible for any delay. Accordingly, this factor is neutral.

**Conditions of Confinement**

The Court next finds that Petitioner's civil immigration detention at the Pike County Correctional Facility "is indistinguishable from criminal punishment." *German Santos*, 965 F.3d at 213 (holding that conditions at Pike County Correctional Facility were indistinguishable from criminal punishment). If a noncitizen's "civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *Id*. at 211.

Weighing the *German Santos* factors, the Court finds that Petitioner's civil immigration detention under 8 U.S.C. § 1226(c) has become unreasonable. Petitioner has been detained for over 7.5 months and has demonstrated that he is likely to be detained for an extended period of time, as his appeal to the BIA remains pending and he is likely to appeal any forthcoming BIA decision to the Circuit Court of Appeals. Moreover, because Petitioner's detention looks penal, that tips the scales toward a finding that his detention has become unreasonable. The next question is the appropriate remedy.

8

## Remedy

The Third Circuit in *German Santos* found the appropriate remedy for prolonged civil immigration detention under 8 U.S.C. § 1226(c) was a prompt and individualized bond hearing before an IJ.  In that bond hearing, "the Government must put forth clear and convincing evidence that continued detention is necessary."  *German Santos*, 965 F.3d 213.  Because this Court finds Petitioner's continued detention is unreasonable, at the bond hearing required by *German Santos*, the Government "must show" by clear and convincing evidence that Petitioner "would likely flee or pose a danger to the community if released."

## Other Claims Raised in the Petition

The Court will dismiss Count III of the Petition because any alleged procedural irregularities with Petitioner's October 2025 bond hearing can be remedied with the new bond hearing that the Court is ordering pursuant to *German Santos.*  Moreover, the allegations in Count IV regarding "arbitrary and capricious agency action" are underdeveloped and fail to allege sufficient factual content that would entitle Petitioner to habeas relief.  Accordingly, the Court will grant Count I of the Petition and will dismiss Counts III and IV.[5]

---

[5]     Because the Court is granting Petitioner's habeas relief as to Count I, it need not address any additional claims for relief in Count II.  In Count II, Petitioner alleges that both DHS and the IJ erroneously classified his criminal conviction "as an aggravated felony under INA § 101(a)(43)(M)(i) (fraud or deceit), when binding Third Circuit precedent establishes it falls under subsection (R) (counterfeiting), resulting in a removal charge that cannot support his detention under mandatory detention provisions."  (Doc. 1 at 2). Although neither Petitioner nor Respondents claims this Court lacks subject matter jurisdiction, it is not at all clear to the Court that it has jurisdiction to consider Count II of the Petition. *See Khalil v. President*, 164 F.4th 259, 274 (3d Cir. 2026) ("So when aliens can get review later—by litigating before an immigration judge, the

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be granted in part.

Respondents shall provide Petitioner with an individualized bond hearing before an IJ within

seven days of the date of the accompanying Order.  At that hearing, Respondents will bear

the burden of establishing, by clear and convincing evidence, that Petitioner's continued

detention is necessary because he presents a flight risk or danger to the community if

released.  A separate Order follows.

Robert D. Mariani
United States District Judge

---

Board of Immigration Appeals, and then by way of a PFR to the court of appeals—they must do so.  District courts play little if any role in that sequence."); *see also* 8 U.S.C. §§ 1252(b)(9), 1252(g), 1226(e).  To the extent Petitioner wishes to proceed on Count II, he shall promptly inform the Court after the bond hearing the Court is ordering as habeas relief in Count I.  If Petitioner elects to proceed on Count II following the bond hearing, the Court will order additional briefing from the parties.  Furthermore, Petitioner may file an amended petition should he wish to raise any procedural infirmities with the forthcoming IJ's bond hearing with this Court.